# EXHIBIT C


# ALL PLEADINGS

# EXHIBIT C-1

# Plaintiff's Original Petition (State Court)

5/28/2024 4:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88185832
By: Jalisa Feagin
Filed: 5/28/2024 4:55 PM

# 2024-33631 / Court: 125

## CAUSE NO. _____

| | | |
|---|---|---|
| **EDWARD ALDERETE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| *v.* | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **BAYER CROP SCIENCE, LLC dba** | § | |
| **SBM LIFE SCIENCE AND WERNER** | § | **HARRIS COUNTY, TEXAS** |
| **BAUMANN** | | |
| *Defendants* | | |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Plaintiff, **EDWARD ALDERETE**, complaining of Defendants, **BAYER CROP SCIENCE, LLC dba SBM LIFE SCIENCE, AND WERNER BAUMANN** for cause of action would respectfully show the court the following:

### I. DISCOVERY CONTROL PLAN

    1.    Plaintiff intends that discovery be conducted under Discovery Level II of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief, the maximum of which is over $1,000,000.00.

### II. PARTIES AND SERVICE

    2.    Plaintiff, **EDWARD ALDERETE**, ("Plaintiff") is an Individual who resides in Harris County, Texas.

    3.    Defendant, **BAYER CROP SCIENCE, LLC dba SBM LIFE SCIENCE**, is a business corporation duly organized under the laws of Texas. They may be served with process through their registered agent: North America Crop Protection Regulatory Affairs Lead at their residence: 800 North Lindbergh Blvd, Saint Louis, MO 63167 or wherever they may be found. Citation is requested at this time.

4.     Defendant **WERNER BAUMANN** is an Individual. They may be served with process through their registered agent: North America Crop Protection Regulatory Affairs Lead at their residence: 800 North Lindbergh Blvd, Saint Louis,  MO 63167 or wherever they may be found. Citation is requested at this time.

### III.  JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     This court has jurisdiction over the parties because Defendants are Texas residents.

7.     Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS.

8.     On or about May 28, 2022, Plaintiff a 63-year-old male worked as a formulator for Bayer Crop Science, now known as, SBM Life Sciences (the Pasadena location), starting from 1985 to 2022. Plaintiff's job responsibilities included mixing liquid chemicals together all day to create pesticides. Plaintiff was exposed to the following chemicals on a daily basis included, but not limited to, Benzine, "Melaton Dust", "Cylathern", and as well as others. During Plaintiff's tenure at Bayer Crop Science, now known as, SBM Life Sciences, Plaintiff mentioned a lack of PPE enforcement and reliability being a common occurrence. Plaintiff named multiple events where he was exposed to dangerous chemicals where skin and lungs contacted said chemicals which was inhaled. Plaintiff mentions multiple times where a chemical spill would occur, the entire building would be evacuated, however, Plaintiff and his team would be required to stay behind to clean up the chemical spills with little to no PPE provided or required. Plaintiffs worked 5-6 days a week for 12 hours shift a day for 37 years. Plaintiff's mentions a time when the safety manager

2

Dwayne Hartman confronted the Plaintiff's team about complaints of exposure, called them derogatory names then proceeded to take a deep breath in front of the Plaintiff's team to prove there was no issue. Dwayne then immediately passed out and lost control of his body while continuously shaking. As a proximate result of these incident exposures, Plaintiff suffered serious injuries for which they hereby sues.

## V. NATURE OF SUIT AND AUTHORITY

9.      This is a civil suit to enforce the Texas Clean Air Act, codified in chapter 382 of the Texas Health and Safety Code, and rules adopted by TCEQ pursuant to the Texas Clean Air Act. This matter involves a chemical storage site in the Houston [Pasadena] area emitted multiple air contaminants without TCEQ authorization. The State seeks injunctive relief, civil penalties, attorney's fees, and court costs. Defendant failed duty to "safeguard the state's air resources from pollution by controlling or abating air pollution and emissions of air contaminants, consistent with the protection of public health, general welfare, and physical property, including the esthetic enjoyment of air resources by the public and maintenance of adequate visibility." Tex. Health & Safety Code § 382.002(a).

10.      The Texas Clean Air Act provides that unless authorized by TCEQ, no person may "cause, suffer, allow, or permit the emission of any air contaminant or the performance of any activity that causes or contributes to, or that will cause or contribute to, air pollution." Tex. Health & Safety Code § 382.085(a).

11.      A person may not cause, suffer, allow, or permit the emission of any air contaminant or the performance of any activity in violation of the Texas Clean Air Act or of any TCEQ rule or order. Tex. Health & Safety Code § 382.085(b).

3

12.     An "air contaminant" includes "particulate matter, radioactive material, dust, fumes, gas, mist, smoke, vapor, or odor, including any combination of those items, produced by processes other than natural." Tex. Health & Safety Code § 382.003(2).

13.     "Air pollution" means "the presence in the atmosphere of one or more air contaminants or combination of air contaminants in such concentration and of such duration that: (A) are or may tend to be injurious to or to adversely affect human health or welfare, animal life, vegetation, or property; or (B) interfere with the normal use or enjoyment of animal life, vegetation, or property." Tex. Health & Safety Code § 382.003(3).

14.     The Texas Clean Air Act confers jurisdiction on TCEQ to adopt rules regulating the management of atmospheric emissions of air contaminants. Tex. Health & Safety Code § 382.017. The Texas Clean Air Act also confers jurisdiction on TCEQ to issue permits to facilities that emit air contaminants and to establish and enforce permit conditions within each permit. Tex. Health & Safety Code §§ 382.051, 382.0513; 30 Tex. Admin. Code § 116.115.

15.     TCEQ is authorized to adopt Permits-by-Rule for certain types of facilities that are determined to not be a significant contributor to air contaminants in the atmosphere. Tex. Health & Safety Code § 382.05196. To qualify for a Permit by-Rule, a facility must meet the requirements specified in title 30 Texas Administrative Code section 106.4. The total actual emissions authorized under a Permit-by-Rule may not exceed the following: 250 tons per year of carbon monoxide (CO) or nitrogen oxides (NOX); 25 tons per year of volatile organic compounds (VOC), sulfur dioxide (SO2), or inhalable particulate matter (PM); or 25 tons per year of any other air contaminant. 30 Tex. Admin. Code § 106.4(a)(1)(A)-(B), (E).

16.     After registering for a Permit-by-Rule, all representations regarding construction plans, operating procedures, and maximum emission rates contained in a facility's certified

4

registration become conditions upon which the facility permitted by rule shall be constructed and operated. 30 Tex. Admin. Code § 106.6(b).

17.     An "emissions event" means "an upset event, or unscheduled maintenance, startup, or shutdown activity, from a common cause that results in the unauthorized emissions of air contaminants from one or more emissions points at a regulated entity." Tex. Health & Safety Code § 382.0215(a)(1); 30 Tex. Admin. Code § 101.1(28).

18.     An "upset event" is an "unplanned and unavoidable breakdown or excursion of a process or operation that results in unauthorized emissions." 30 Tex. Admin. Code § 101.1(110).

19.     An "unauthorized emission" includes the emission of any air contaminant that exceeds any air emission limitation in a TCEQ permit, rule, or order. 30 Tex. Admin. Code § 101.1(108). Therefore, all "emissions events" are unauthorized because the emissions events exceed air emission limitations in a permit, rule and/or order of TCEQ. Id. H. The Texas Clean Air Act authorizes TCEQ to develop criteria for determining when an emissions event is reportable and when an emissions event is considered excessive. Tex. Health & Safety Code §§ 382.0215, .0216.

20.     "Reportable emissions event" means any emissions event that, in any 24-hour period, results in an unauthorized emission from any emissions point equal to or in excess of the reportable quantity as defined by title 30 Texas Administrative Code section 101.1(89). 30 Tex. Admin. Code § 101.1(88). State of Texas v. Intercontinental Terminals Company, LLC 7

21.     Within 24 hours after the discovery of an emissions event, an owner or operator of a regulated entity shall (1) determine if the event is a reportable emissions event and (2) notify TCEQ regional office where the regulated entity is located, and all appropriate local air pollution control agencies with jurisdiction, if the emission event is reportable. 30 Tex. Admin. Code §

5

101.201(a)(1).

22.    At TCEQ's request, an owner or operator of a facility experiencing an emissions event must provide additional or more detailed information regarding the event and must do so within the timeframe established by the request. 30 Tex. Admin. Code § 101.201(f).

23.    Under title 30 Texas Administrative Code section 111.111(a), no person may cause, suffer, allow, or permit visible emissions from any source unless authorized by the Texas Clean Air Act or TCEQ rule, permit, or order.

24.    Under title 30 Texas Administrative Code section 101.4, no person shall discharge air contaminants in such concentration and of such duration that are injurious to or adversely affect human health or welfare, animal life, vegetation, or property, or interfere with the normal use and enjoyment of animal life, vegetation, or property.

25.    The Texas Clean Air Act confers jurisdiction on TCEQ to adopt rules regulating the outdoor burning of waste. Tex. Health & Safety Code § 382.018. Pursuant to this authority, TCEQ adopted title 30, chapter 111 of the Texas State of Texas v. Intercontinental Terminals Company, LLC 8 State of Texas' Original Petition and Application for Injunctive Relief Administrative Code to prohibit unauthorized outdoor burning. Under title 30 Texas Administrative Code section 111.201, a person may not cause, suffer, allow, or permit any unauthorized outdoor burning within the State of Texas.

26.    No person may cause, suffer, allow, or permit any activity in violation of the Texas Clean Air Act or any TCEQ permit, rule, or order. Tex. Water Code § 7.101.

27.    A person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit under TCEQ's jurisdiction shall be assessed a civil penalty of not less than $50 nor more than $25,000 for each violation. Tex. Water Code § 7.102. Each day of a continuing violation is a

6

separate violation. Tex. Water Code § 7.102.

28.     The Attorney General, at the request of TCEQ, may bring an action for injunctive relief and civil penalties if it appears that a violation or threat of a violation of a statute within the TCEQ's jurisdiction, or a rule adopted or an order or a permit issued under such a statute, has occurred or is about to occur. Tex. Water Code §§ 7.032, 7.105.

<h3 align="center">V. PLAINTIFF'S CLAIM OF NEGLIGENCE<br>AGAINST BAYER CROP SCIENCE, dba SBM LIFE SCIENCES</h3>

29.     Defendant had a duty to exercise the degree of care that a reasonable person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

30.     Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

31.     The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

A.     Defendant failed to keep and maintain a safe environment for the personnels of the establishment;

B.     Defendant failed to supervise the personnels;

C.     Defendant failed to maintain the proper amount of staff to make sure each personnel is properly monitored;

D.     Defendant failed to disclose that they were taking the Plaintiff and other personnels off the premises;

E.     Defendant failed to provide personnel with proper up-to-date personal protective equipment;

F.     Defendant failed to ensure no personnel is abused, neglected, or exploited;

G.     Defendant failed to warn of dangers associated with the facilities;

H.     Defendant failed to employ available processing, storage, disposal and closure techniques technologies for safety;

I.     Defendant failed to adequately investigate and inspect the site;

J.     Defendant failed to make safe, effective and full cleanup of toxic chemical substances and wastes at facilities;

K.     Defendant failed to contain hazardous substances and wastes within the boundaries of the facilities and allowed them to invade employees surrounding works space

L.     Defendant failed to timely and correctly respond to prevent the further existence and/or escape of hazardous substances and wastes;

M.     Defendant failed to effectuate and fully communicate and/or disclose the risks and associated hazards of the contamination, hazardous substances, and/or wastes;

N.     Defendant failed to conduct all the necessary tests needed to assess the site and/or risk associated with the contamination, hazardous substances, and/or wastes;

## VI. PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE AGAINST DEFENDANT BAYER CROP SCIENCE, dba SBM LIFE SCIENCES

32.     The negligent acts and omission on the part of the Defendant, as set forth previously, were more than momentary thoughtlessness, inadvertence, or errors of judgement. Their negligent acts and omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by them. The Plaintiff's injuries and damages resulted from an act or omission of the Defendant which, when viewed objectively from the standpoint of the Defendant at the time of its occurrence involved and extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others. Such gross negligence resulted in Plaintiff's injuries set out herein, and on the basis of

8

such gross negligence, Plaintiff seeks an award of exemplary damages in an amount sufficient to punish Defendant for his conduct and to deter Defendant and others from engaging in similar conduct in the future.

## VII.  PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT WERNER BAUMANN

33.     Plaintiff was also injured as a result of Defendant WERNER BAUMANN negligence.

34.     Defendant WERNER BAUMANN is the owner of the facility during the duration of Plaintiff's employment.

35.     Defendant WERNER BAUMANN, through their close familial relationship with Defendant BAYER CROP SCIENCE, knew or through the exercise of reasonable care, should have known that Defendant BAYER CROP SCIENCE was an inexperienced, untrained, distracted, reckless, and incompetent.

36.     As described above, Defendant BAYER CROP SCIENCE, dba SBM LIFE SCIENCES was negligent in causing the altercation, and said negligence was the proximate cause of Plaintiff's damages.

37.     The negligent, careless, and reckless disregard of duty by Defendant WERNER BAUMANN consisted of, but is not limited to, one or more of the following acts and omissions:

A.  Failing to properly supervise Defendant BAYER CROP SCIENCE, dba SBM LIFE SCIENCES's use of in the facilities;

B.  Failing to employ employee supervisors who demonstrate competency, good judgment, and self-control.

C.  Failing to properly hire, qualify, train, and supervise its employee-supervisors and staff on appropriate discipline, handling, and care for employees;

D.  Being negligent in their hiring practices;

9

E.   Not training employees on reporting suspected abuse;

F.   Failing to properly supervise their facilities; and

G.   Hesitating to fire employees who were accused of harm/abuse.

## VIII.  DAMAGES FOR PLAINTIFF EDWARD ALDERETE

38.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiffs were caused to suffer serious bodily injuries, and to incur the following damages:

A.   Reasonable medical care and expenses in the past.   These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place provided;

B.   Reasonable and necessary medical and life care expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Loss of the normal enjoyment of the pleasure of life in the past;

F.   Loss of the normal enjoyment of the pleasure of life, in reasonable probability sustained in the future;

G.   Loss of Household Services in the past;

H.   Loss of Household Services in the future;

I.   Mental anguish in the past;

J.   Mental anguish in the future;

K.   Disfigurement; and

L.   Exemplary damages;

## IX.  DEMAND FOR TRIAL BY JURY

39.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition

## X. REQUEST FOR DISCLOSURE

40.    Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, EDWARD ALDERETE respectfully prays that the Defendants, BAYER CROP SCIENCE, dba SBM LIFE SCIENCES and WERNER BAUMANN, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.


Respectfully submitted,

**MOKARAM LAW FIRM**

**Sasha Seyvani**
Texas State Bar No. 24132880
sasha@mokaramlawfirm.com
**Ali Mokaram**
Texas State Bar No. 00794318
mokaram@mokaramlawfirm.com
2500 West Loop South, Suite 450
Houston, Texas 77027
Telephone: (713) 952-4445
Facsimile: (713) 952-4525
**ATTORNEYS FOR PLAINTIFF**

11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Tony Bennett on behalf of Sasha Seyvani
Bar No. 24132880
tony@mokaramlawfirm.com
Envelope ID: 88185832
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 5/29/2024 8:25 AM CST

Associated Case Party: EDWARDALDERETE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sasha Seyvani | | sasha@mokaramlawfirm.com | 5/28/2024 4:55:01 PM | SENT |
| Ali Mokaram | | eservice@mokaramlawfirm.com | 5/28/2024 4:55:01 PM | SENT |

# EXHIBIT C-2

# Bayer CropScience LLC's
# Notice of Filing of Notice of Removal
# (State Court)

CAUSE NO. 2024-33631

| EDWARD ALDERETE | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BAYER CROP SCIENCE LLC, ET AL. | § | 125TH JUDICIAL DISTRICT |

## <u>BAYER CROPSCIENCE LLC'S NOTICE OF FILING NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that the above styled and numbered civil action was removed to the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal filed with the Clerk of the United States District Court is attached, without exhibits, hereto as Exhibit 1.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ G. Joe Ellis*_____
    G. Joe Ellis
    State Bar No. 06575050
    joe.ellis@huschblackwell.com
    600 Travis Street, Suite 2350
    Houston, Texas 77002
    (713) 647-6800 (Telephone)
    (713) 647-6884 (Facsimile)

**ATTORNEYS FOR BAYER CROPSCIENCE LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record by File & Serve *Xpress AND/OR Texas e-File* on this 29th day of July 2024.

*/s/ G. Joe Ellis*_____
G. Joe Ellis